# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEANGELO DON'VIRGIL WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV189 SPM |
| | ) | |
| CHARLENE DEEKENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of DeAngelo Winston (registration no. 21879), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.53. See 28 U.S.C. § 1915(b)(1). Furthermore, The Court will dismiss this action under 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief can be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds

$10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $26.67, and an average monthly balance of $15.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.53, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a pretrial detainee, brings this action under 42 U.S.C. § 1983 for alleged constitutional violations at the St. Louis City Justice Center ("SLCJC"). Named as defendants are Charlene Deekens (Director, Department of Public Safety, Division of Corrections), Dale Glass (Commissioner, Division of Corrections), Leonard Edwards (Superintendent, SLCJC), Reginald Moore (Social Services, SLCJC), Sheila Troupe (Social Worker, SLCJC), Terri Coats (Constituency Services, SLCJC), Unknown Bratcher (Nurse, SLCJC), Unknown Luster (Mental Health Services, SLCJC), Unknown Mitchell (Major, SLCJC), Unknown Bond (Captain, SLCJC), Unknown Hassell (Lieutenant, SLCJC), Janice Ellison (Social Services, SLCJC), Unknown Miller (Constituency Services, SLCJC), and Unknown Shaw (Sheriff's Deputy, SLCJC).

The allegations in the complaint are almost entirely conclusory and fail to allege specific facts that would, if proven, give rise to relief. Plaintiff alleges that defendant Shaw subjected him "to unnecessary and wanton infliction of pain by unwarranted abuse by being maliciously punched and choked by . . . Shaw." Plaintiff does not allege, however, that he suffered any injuries as a result of the alleged beating. Plaintiff alleges that he told defendants Coats, Moore, Edwards, Deekens, and Glass about the incident but that they failed to do anything for him.

Plaintiff complains that on November 24, 2013, he requested to be fed halal meals only because of his religious beliefs. Plaintiff says that his request was refused, and he claims that he refused to eat the food that was available to him.

Plaintiff asserts that on December 4, 2013, Hassell and Bond filed a false conduct violation against him and he was placed in segregation for several days.

Plaintiff continued to refuse to eat, and on December 8, 2013, Luster and Bratcher placed plaintiff on suicide watch. As a result, all of his property was removed from his cell. Plaintiff claims this action violated SLCJC's hunger strike policy.

Plaintiff maintains that defendants Moore, Coats, Miller, Deekens, Edwards, and Glass did not address his grievances in his favor.

Plaintiff alleges that defendants Troupe, Moore, Edwards, and Glass denied him access to legal materials and to the law library. Plaintiff does not allege that any pending or contemplated legal claims were harmed.

**Discussion**

Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. See Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir.2007) (stating "[t]his makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."). "Claims under the Eighth Amendment require a compensable injury to be greater than de minimis." Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008). In the instant case, plaintiff does not allege that he suffered *any* injury as a result of being punched and choked by Shaw. As a result, plaintiff's Eighth Amendment claim fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for denying him halal meals in accordance with his faith. As a result, plaintiff's First Amendment religion claim fails to state a claim upon which relief can be granted.

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. E.g., Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant). As a result, plaintiff's due process claims relating to his placement in administrative segregation do not state a claim upon which relief can be granted.

Plaintiff's claim that defendants Bond and Hassell gave him a false conduct violation is not actionable under § 1983. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).

Plaintiff's claim that defendants Bratcher and Luster placed him on suicide watch while he was admittedly on a hunger strike do not rise to the level of a constitutional violation.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). As a result, plaintiff's claim that Moore, Coats, Miller, Deekens, Edwards, and Glass did not redress his grievances fails to state a claim upon which relief can be granted.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff does not allege that he suffered any injury to a pending or contemplated legal claim. As a result, his access-to-the-courts claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.53 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of February, 2014.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE